**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2011

No. 10-60644
Summary Calendar

Lyle W. Cayce
Clerk

DEREK PRESTON BATES,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A034 316 296

Before BARKSDALE, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Derek Preston Bates, a native and citizen of Trinidad and Tobago, petitions for review of the Board of Immigration Appeals' (BIA) decision, dismissing his appeal from the immigration judge's (IJ) final order of removal.

Bates was granted lawful permanent resident status in 1974. In 1992, he was convicted by guilty plea of possession of cocaine with intent to deliver. In July 2006, Bates returned to the United States after visiting Trinidad and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Tobago and applied for admission as a returning lawful permanent resident. The Department of Homeland Security (DHS) issued a notice to appear (NTA), charging him with inadmissibility:  under 8 U.S.C. § 1182(a)(2)(A)(i)(II), as an alien convicted of a controlled-substance offense; and, later, under § 1182(a)(7)(A)(i)(I), for not possessing a valid entry document at the time of application for admission.  Although Bates admitted the charges, he applied for a waiver of his 1992 conviction under former Immigration and Nationality Act § 212(c), 8 U.S.C. § 1182(c).  *See INS v. St. Cyr*, 533 U.S. 289, 294-95 (2001) (noting that former § 212(c) authorized permanent resident aliens with lawful unrelinquished domicile of seven years to apply for discretionary waiver from deportation).

During a hearing on his waiver application, Bates admitted that he also had a 2006 conviction for possession of cocaine.  In the light of this admission, DHS moved to pretermit Bates' waiver application, contending his 2006 conviction rendered him inadmissible and ineligible for relief despite his eligibility for a § 212(c) waiver.  The IJ granted that motion and ordered Bates' removal.

Bates appealed, contending:  he was eligible for a § 212(c) waiver; his 2006 conviction was not a deportable offense; the IJ erred by ordering his deportation for having committed two possession offenses even though he had not been charged with the second offense in the NTA; his green card was valid when he entered the United States in 2006; and DHS had not proven the charges in the NTA.  The BIA dismissed his appeal, holding:  even if the 1992 conviction was waived, Bates would remain inadmissible because of his 2006 conviction.  The BIA found that Bates had admitted the two charges in the NTA and determined that the IJ had not found inadmissibility based on the 2006 conviction, but rather had determined that the two convictions precluded eligibility for relief and that Bates had not shown eligibility for any other form of relief.

In his petition for review, Bates asserts: he should have been charged with deportability, rather than excludability, which would shift the burden of proof; he is eligible for a waiver under § 212(c) for the 1992 offense of possession of cocaine, with intent to deliver, because he pleaded guilty and has had seven years of unrelinquished domicile; and his 2006 conviction for cocaine possession is not a deportable offense because it is a federal misdemeanor and thus not a drug-trafficking offense.

Generally, our court lacks jurisdiction to review final removal orders of aliens who have been convicted of a § 1182(a)(2) offense. 8 U.S.C. § 1252(a)(2)(C). That provision does not preclude review, however, of "constitutional claims or questions of law raised upon a petition for review filed with an appropriate court of appeals . . . ." *Id.* at § 1252(a)(2)(D); *see Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 (5th Cir. 2006). Because Bates raised issues of law regarding eligibility for § 212(c) relief, the nature of the charges against him, and the impact of his 2006 conviction, this court has jurisdiction over his petition for review. *Marquez-Marquez v. Gonzales*, 455 F.3d 548, 561 (5th Cir. 2006) (noting eligibility for § 212(c) waiver is question of law).

"We have authority to review only an order of the BIA, not the IJ, unless the IJ's decision has some impact on the BIA's decision." *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Factual findings are reviewed for substantial evidence; questions of law, *de novo. E.g., Zhu v. Gonzales*, 493 F.3d 588, 594 (5th Cir. 2007).

To the extent Bates asserts he should have been charged with deportability, rather than excludability, we lack jurisdiction to address this issue because he did not raise it before the BIA. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Bates' contention that he was eligible for a § 212(c) waiver of inadmissibility misapprehends the IJ's decision; the IJ ruled that, even if Bates obtained a waiver for his 1992 offense, he would still be ineligible for relief based on his 2006 conviction. Similarly, Bates' contention that he was not deportable

No. 10-60644

based on the 2006 conviction is misplaced because the IJ did not find him deportable based on that conviction. Rather, the IJ determined that Bates would *remain* inadmissible and ineligible for relief based on that conviction.

Bates admitted both charges of inadmissibility in the NTA (that he was convicted in 1992 and that his permanent resident card was expired when he applied for admission to the United States in 2006), and bore the burden of establishing entitlement to relief.  8 C.F.R. § 1240.8(b).  Further, during the waiver hearing, Bates admitted his 2006 conviction for cocaine possession and DHS supported it with documentation.  Because his 2006 conviction would also have made him inadmissible under § 1182(a)(2)(A)(i)(II), and he was not entitled to a waiver of this offense because he pleaded guilty to it after § 212(c) relief had been repealed, this conviction prevents him from meeting his burden of showing he was otherwise admissible. Other than contending eligibility for a § 212(c) waiver, Bates has not asserted or shown that he was entitled to any other form of relief from inadmissibility.

DENIED.